## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CANCER TREATMENT CENTERS OF
AMERICA, INC.,
1336 Basswood Road,
Schaumburg, Illinois 60173

           Plaintiff,

v.

AVAX TECHNOLOGIES, INC.,
2000 Hamilton Street, Suite 204
Philadelphia, Pennsylvania 19130

           Defendant.

CIVIL ACTION

COMPLAINT IN CONFESSION OF
JUDGMENT

NO.

## COMPLAINT FOR CONFESSION OF JUDGMENT
## PURSUANT TO PA. R. CIV. P. 2951

Plaintiff, Cancer Treatment Centers of America, Inc. ("CTCA"), by and through

its undersigned counsel, bring this complaint for confession of judgment, and in support thereof,

aver as follows:

### Parties

1.     Plaintiff, Cancer Treatment Centers of America, Inc. ("CTCA"), is an

Illinois corporation with headquarters located at 1336 Basswood Road, Schaumburg, Illinois

60173.

2.     Defendant, AVAX Technologies, Inc. ("AVAX") is a Delaware

corporation with headquarters located at 2000 Hamilton Street, Suite 204, Philadelphia,

Pennsylvania 19130.

### Jurisdiction and Venue

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C.

§ 1332(a)(1) as the matter in controversy exceeds the sum of $75,000.00 exclusive of costs and

interest and is between citizens of different states.  Plaintiff is a citizen of Illinois, and Defendant is a citizen of Delaware and Pennsylvania.

4.     Venue is proper in this District as a substantial part of the events or omissions giving rise to this claim occurred and a substantial part of the property that is the subject of the action is situated in this District.

## The Production Agreement

5.     In 2006, AVAX proposed a unique business and research opportunity to CTCA.  AVAX represented to CTCA that it was capable of producing a unique cancer vaccine for individual patients of CTCA, that it owned a dormant laboratory in Philadelphia, Pennsylvania in which it could produce these vaccines, and that it could obtain FDA approval to manufacture the vaccines.

6.     Because CTCA is always interested in exploring ways to benefit its patients and advance the science behind prospective treatments for cancer, becoming involved in cutting edge research and helping fund the development of AVAX's vaccines was a promising opportunity to advance CTCA's mission.  More importantly, this opportunity was a promising way to help CTCA's patients.

7.      In February 2007, CTCA and AVAX formalized their agreement and entered into a contract whereby AVAX agreed to create personalized cancer vaccines critical to the treatment of certain patients of CTCA enrolled in the clinical trial program in exchange for funding by CTCA (the "Production Agreement").  (See Production Agreement, a true and correct copy of which is attached hereto as Exhibit A.)

## The Loan Agreement And AVAX's Breach Thereof

8.     Despite operating with the benefit of CTCA's funding, AVAX revealed in early 2009 that it required additional working capital for the maintenance of its laboratory and the continued production of the cancer vaccines.

9.     Accordingly, the parties entered into a loan agreement on April 27, 2009, whereby CTCA agreed to provide financial assistance to AVAX, conditioned on AVAX's promise (among others) to repay to CTCA the loan in full and all accrued interest. See the original Services, Loan and Security Agreement dated April 27, 2009 (the "Loan Agreement"), a copy of which is attached hereto as Exhibit B; attached as Exhibit C is an affidavit of Samantha B. Kats stating that Exhibit B is a true and correct copy of the Loan Agreement.

10.     Pursuant to the Loan Agreement, CTCA advanced $400,000 to AVAX in return for (among other things) AVAX's agreement to repay these funds in full on or before August 31, 2009.  See Loan Agreement at ¶¶ 1, 4, and 5.

11.     AVAX breached the Loan Agreement when it failed to pay to CTCA all funds due and owing on or before August 31, 2009, as required.

12.     After this initial breach, CTCA – still hopeful of the benefits of AVAX's vaccines to its patients – agreed to advance additional funds to AVAX and to extend the repayment deadline through an amendment to the Loan Agreement (the "First Amendment").  A copy of the First Amendment, dated January 6, 2012, is attached hereto as Exhibit D.

13.     Under the First Amendment, AVAX reaffirmed all of the terms of the Loan Agreement and extended the repayment date to March 31, 2012. (See First Amendment, at ¶ 4(a)).

14.     Again, AVAX breached the First Amendment when it failed to make the required payment – or any payment – on or before March 31, 2012.  Id.

15.     CTCA agreed to extend additional funding to AVAX in connection with seven additional amendments to the Loan Agreement and newly executed promissory notes, all of which were executed between January 2012 and November 2013.  (True and correct copies of these Amendments – the Second through Eighth Amendment to the Loan Agreement – and the Notes to those Amendments are attached hereto as Exhibits E, F, G, H, I, J, and K.)

16.     CTCA ultimately advanced to AVAX over $5 million dollars in the hopes that these vaccines would extend the lives of its patients.

17.     AVAX failed to meet each of its repayment obligations to CTCA and therefore breached the Second through Eighth Amendments to the Loan Agreement.

### AVAX Breaches The Restated Note And
### Ninth (And Final) Amendment To The Loan Agreement

18.     CTCA and AVAX entered into a final amendment to the Loan Agreement (the "Ninth Amendment") and a restated promissory note (the "Note") on February 1, 2014 (collectively "the Amended Loan Documents"). (See the Ninth Amendment and the Note, copies of which are attached hereto as Exhibit L and M.)

19.     The Ninth Amendment and the Note amended and restated all prior promissory notes executed by AVAX in favor of CTCA.  Id.

20.     Pursuant to the terms of the Note, AVAX promised to pay to CTCA the aggregate unpaid amount of $5,732,596.06, plus all accrued interest pursuant to the terms and conditions of the Ninth Amendment and the Note on or before April 30, 2014. (See Ex. M at ¶ 4(a)).

21.     To the extent AVAX defaulted on its obligations under the Note, AVAX authorized CTCA (in the Ninth Amendment) to confess judgment for any and all amounts unpaid, plus statutory interest, costs, and attorneys' fees incurred in connection with the filing and enforcement thereof.  A copy of CTCA's Affidavit of Confession of Judgment (the "Confession of Judgment") is attached hereto as Exhibit N.

## COUNT ONE
## Breach of Contract

22.     Paragraph 6 of the Ninth Amendment describes the circumstances under which AVAX would default on the terms of the agreement.  Specifically, that Paragraph explains, in part, that:

> The occurrence of any one or more of the following events shall constitute an "Event of Default" under this Agreement and the Note:  (a) AVAX fails to pay any indebtedness owing under the Note as and when due; (b) AVAX fails to observe or perform any other agreements, covenants, or undertakings with CTCA under this Agreement, the Note or any documents given to CTCA in connection with this Agreement, the Note or the promissory notes previously provided to CTCA by AVAX, as amended and restated on November 1, 2013 . . .

(See Exhibit L at ¶ 6.)

23.     Pursuant to the terms of the Ninth Amendment and Note, AVAX promised to pay to CTCA the aggregate unpaid amount of $5,732,596.06, plus all accrued interest pursuant to the terms and conditions of the Ninth Amended Loan Agreement and the Note on or before April 30, 2014. (See Ex. M at ¶ 4(a)).

24.     AVAX defaulted on the Note by failing to repay CTCA all moneys owed to it on or before April 30, 2014.  See Averment of Default, which is attached hereto as Exhibit O.

25.    As a result, AVAX is now liable to CTCA in the amount of $5,826,464.73, plus post-judgment interest at the statutory rate of 6% per annum from the date of judgment and costs.

26.    While not required pursuant to the terms of the Amended Loan Documents, counsel for Plaintiff provided Defendant with notice of this default on June 9, 2014. A true and correct copy of the emailed and mailed notice of default is attached as Exhibit P. Defendant has failed to cure its default since that notice was provided more than six weeks ago.

### CTCA's Remedies for Default

27.    Paragraphs 7 and 8 of the Ninth Amendment set forth CTCA's remedies should AVAX default under the terms of the Loan Documents.  Among those remedies is confession of judgment for monetary damages.

28.    Paragraph 7 of the Ninth Amendment provides, in relevant part, that upon the occurrence of "any Event of Default, unless CTCA otherwise elects, the entire unpaid principal and all accrued and unpaid interest and all other sums owing under the Note shall be immediately due and payable, without presentment, demand, protest, or other notice of any kind, and CTCA may exercise all available rights and remedies under this Agreement, the Note, the other Loan Documents or under any agreement between CTCA and AVAX".  (See Ninth Amendment, at ¶ 7.)

29.    Costs and attorneys' fees are recoverable upon an Event of Default. Specifically, Paragraph 7 of the Ninth Amendment allows CTCA to recover "any collection costs or fees CTCA incurs attempting to collect the amounts due under the Note or from any collateral security (including all CTCA's reasonable legal fees and expenses, whether or not a lawsuit is commenced by CTCA against AVAX)."

30.     More significantly, Paragraph 8 of the Ninth Amendment provides that

CTCA may confess judgment against AVAX upon an Event of Default:

> 8.     <u>CONFESSION OF JUDGMENT</u>.  AVAX IRREVOCABLY AUTHORIZES
> THE PROTHONOTARY OR ANY ATTORNEY OF ANY COURT OF RECORD IN
> PENNSYLVANIA OR ELSEWHERE, UPON THE OCCURRENCE OF AN EVENT
> OF DEFAULT, TO APPEAR FOR AND CONFESS JUDGMENT AGAINST AVAX
> FOR ANY AND ALL AMOUNTS UNPAID UNDER THIS AGREEMENT AND
> THE NOTE, INCLUDING INTEREST THEREON TO DATE OF PAYMENT
> (SUCH AMOUNTS AND THE OCCURRENCE OF SUCH EVENT OF DEFAULT
> TO BE AS EVIDENCED BY A COMPLAINT OR AN AFFIDAVIT SIGNED BY
> AN OFFICER OF CTCA), RELEASING ALL ERRORS AND WAIVING RIGHTS
> OF APPEAL.  IF A COPY OF THIS AGREEMENT, VERIFIED BY AFFIDAVIT,
> SHALL HAVE BEEN FILED IN SUCH PROCEEDING, IT SHALL NOT BE
> NECESSARY TO FILE THE ORIGINAL AS A WARRANT OF ATTORNEY.
> AVAX WAIVES THE RIGHT TO ANY STAY OF EXECUTION AND THE
> BENEFIT OF ALL EXEMPTION LAWS NOW OR IN THE FUTURE IN EFFECT.
> NO SINGLE EXERCISE OF THIS WARRANT AND POWER TO CONFESS
> JUDGMENT SHALL BE DEEMED TO EXHAUST THIS POWER, WHETHER OR
> NOT ANY SUCH EXERCISE SHALL BE HELD BY ANY COURT TO BE
> INVALID, VOIDABLE OR VOID, BUT THIS POWER SHALL CONTINUE
> UNDIMINISHED AND MAY BE EXERCISED FROM TIME TO TIME AS OFTEN
> AS CTCA SHALL ELECT UNTIL ALL SUMS DUE UNDER THIS AGREEMENT
> AND THE NOTE SHALL HAVE BEEN PAID FINALLY AND IN FULL.

<u>See</u> Ninth Amendment at ¶ 8 (capital letters in original).

31.     As described above, by failing to repay CTCA in accordance with the

terms of the Note, an Event of Default has occurred and AVAX is in default.  (<u>See</u> Exhibit L, at ¶

6.)

32.     As a result of this Event of Default, CTCA is entitled, pursuant to ¶ 8 of

the Ninth Amendment, to confess judgment against AVAX for the full amount due and owing.

(<u>Id.</u> at ¶ 8.)

33.     As a result of the default specified above, as of July 18, 2014, Defendant

is indebted to Plaintiff in the amounts as set forth below:

| | |
|---|---|
| Principal: | $ 5,732,596.06 |

| | | |
|---|---|---|
| Interest: | $ | 83,868.67[1] |
| Attorneys' Fees | $ | 10,000.00 |
| **Total Indebtedness:** | **$** | **5,826,464.73** |

## COUNT TWO
## The Authorization to Confess Judgment

34.     In the event of any default under the Loan Documents, AVAX authorized CTCA to confess judgment against it for the indebtedness as stated above.  (See the Ninth Amendment, at ¶ 8.)

35.     CTCA has satisfied all conditions precedent, if any, under the terms of the Ninth Amendment and Note, and the obligation for which judgment is being confessed has not been assigned to any party.

36.     Judgment is not being entered by confession against a natural person in connection with a consumer credit transaction. (See Affidavit of Non-Consumer Credit Transaction, which is attached hereto as Exhibit Q and incorporated herein by reference.)

37.     The judgment has not been entered on the Loan Documents in any jurisdiction.

38.     Judgment is demanded in favor of CTCA and against AVAX in the amount of the indebtedness, plus interest and costs, as authorized by the warrants set forth in the Loan Documents and Confession of Judgment.

39.     Said Loan Documents and the Confession of Judgment are less than twenty (20) years old.

---

[1]     The  Note provides that Plaintiff is entitled to interest at the annual rate of six percent (6%) on the unpaid principal balance due under the Note from the date of such advance until all amounts due are paid in full.

40.     The transactions represented by the Loan Documents were business transactions and were not entered into for personal, family or household purposes.  (See Affidavit Of Business Transactions, attached hereto as Exhibit R.)

41.     AVAX is a corporation and therefore is not an individual in military service.  (See Affidavit of Non-Military Service, which is attached hereto as Exhibit S and incorporated herein by reference.)

42.     AVAX is not a natural person with annual income of $10,000 or less. (See Affidavit of Income in Excess of $10,000, which is attached hereto as Exhibit T and incorporated herein by reference.)

43.     CTCA avers that notice of judgment and execution thereon pursuant to Pa. R. Civ. P. No. 2958.1, in the form required by law, is being served contemporaneously with this Complaint upon Defendant at AVAX Technologies, Inc., Attn: Richard Rainey, CEO, 2000 Hamilton Street, Suite 204, Philadelphia, Pennsylvania 19130.  (See Certification of Addresses, which is attached hereto as Exhibit U and incorporated herein by reference.)

WHEREFORE, CTCA demands judgment in its favor and against AVAX in the sum of **$5,826,464.73** as authorized by the attached Loan Documents, together with post-judgment interest at the statutory rate of 6% per annum from the date of judgment and costs.

## COUNT THREE
## Promissory Estoppel

44.     The preceding paragraphs are incorporated herein with the same force and effect as if set forth in full below.

45.      In the alternative to recovery under breach of contract, CTCA is entitled to recovery under the doctrine of promissory estoppel.

46.     AVAX entered into the Production Agreement, the Loan Agreement, and eight amendments and promissory notes with CTCA, and promised CTCA certain rights under those agreements upon which CTCA reasonably relied, to its detriment.

47.     AVAX made these promises with the reasonable expectation of inducing action on the part of CTCA.

48.     CTCA carried out its obligations pursuant to the terms of the agreements between the parties and in reasonable reliance upon the foregoing promises.

49.     AVAX materially breached its foregoing promises to pay CTCA all amounts as set forth in the attached Loan Documents, and there remains due and owing from AVAX to CTCA an amount of at least $5,826,464.73.

50.     Moreover, AVAX materially breached its foregoing promises by withholding four vaccines specifically made from tumor tissues provided by CTCA patients.

51.     AVAX continues to intentionally and wrongfully withhold the vaccines and money owed to CTCA for repayment of the various loan agreements between the parties.

52.     AVAX's foregoing material breach has directly and proximately caused Plaintiff damages of at least $5,826,464.73.

53.     The Court can only avoid injustice by finding that AVAX's promises to CTCA are binding.

WHEREFORE, Plaintiff, Cancer Treatment Centers of America, Inc., demands judgment in its favor and against Defendant, AVAX Technologies, Inc., for $5,826,464.73, and all other monetary, injunctive, and other relief that this Court deems just and proper. CTCA also requests that this Court enter an order directing AVAX to deliver the vaccines, according to a

mutually agreed upon schedule, to CTCA in a safe and orderly manner according to approved

protocols in compliance with the relevant guidelines of the regulations of the Food and Drug

Administration (Title 21 of the Code of Federal Regulations), the ICH Guidelines for Good

Clinical Practice, and applicable national guidelines and laws.

## COUNT FOUR
## Unjust Enrichment

54.     The preceding paragraphs are incorporated herein with the same force and

effect as if set forth in full below.

55.     To the extent that AVAX retains possession of the four vaccines specially

made from tumor tissues provided by four CTCA patients, AVAX is liable to CTCA for unjust

enrichment.

56.     Pursuant to the terms of the Amended Loan Documents, CTCA has

conferred upon AVAX a tangible and definite benefit – millions of dollars of funding. See

Amended Loan Documents, attached hereto as Exhibit L and M.

57.     With CTCA's money, AVAX was able to capitalize its business, engage

in opportunities for profit, develop its research, and create financially advantageous business

relationships.

58.     AVAX, however, blatantly refuses to turnover any cancer vaccines still in

its possession, as required by the terms of the various agreements between the parties. See

Production Agreement at ¶ 4(d) and the Ninth Amendment at ¶ 5(e).

59.     The circumstances of the acceptance and retention of benefits from CTCA

by AVAX are unjust, as it is unfair for AVAX to retain benefits from CTCA's money without

paying for it.

60. AVAX's use of CTCA property for its own gain represents AVAX's ability to become unjustly enriched at the expense of CTCA.

61. AVAX owes a duty to transfer any cancer vaccines still in its possession to CTCA as a result of the acceptance and retention of the benefits conferred.

62. AVAX is therefore liable to CTCA for unjust enrichment, and CTCA is entitled to payment from AVAX, and transfer of the four vaccines specifically made from tumor tissues provided by four CTCA patients.

WHEREFORE, Plaintiff, Cancer Treatment Centers of America, Inc., demands judgment in its favor and against Defendant, AVAX Technologies, Inc., and further requests that this Court order the following relief in its favor and against AVAX:

(a) judgment against AVAX in the sum of $5,826,464.73 as authorized by the attached Loan Documents, together with post-judgment interest at the statutory rate of 6% per annum from the date of judgment and costs;

(b) an order for possession of the cancer vaccines directing Defendant, AVAX Technologies, Inc., to deliver the vaccines, according to a mutually agreed upon schedule, to CTCA in a safe and orderly manner according to approved protocols in compliance with the relevant guidelines of the regulations of the Food and Drug Administration (Title 21 of the Code of Federal Regulations), the ICH Guidelines for Good Clinical Practice, and applicable national guidelines and laws; and

(c) all other monetary, injunctive, and other relief that this Court deems just and proper.

## COUNT FIVE
## Replevin

63.     The preceding paragraphs are incorporated herein with the same force and effect as if set forth in full below.

64.     The parties agreed that vaccines made by AVAX, processed from tumor tissues of CTCA's patients, would be for the exclusive benefit of CTCA. See Production Agreement.

65.     Under the terms of the Production Agreement, AVAX "will ship to CTCA all products produced by AVAX in its GMP facility, in compliance with all FDA and other federal regulations that govern the handling, possessing and shipping of products for use in humans." Production Agreement at ¶ 4(d).

66.     AVAX is in possession of four vaccines specifically made from tumor tissues provided by four CTCA patients, but refuses to provide those vaccines as agreed.

67.     Despite notice and demand, AVAX has failed to transfer the vaccines to CTCA.

68.     AVAX's conduct has wrongfully deprived CTCA of its property.

WHEREFORE, Plaintiff, Cancer Treatment Centers of America, Inc., demands judgment in its favor and against Defendant, AVAX Technologies, Inc., and further requests that this Court order the following relief in its favor and against AVAX:

(a)     the issuance of a Writ of Replevin for the vaccines in AVAX's possession; and

(b)     an order directing Defendant, AVAX Technologies, Inc., to deliver the vaccines, according to a mutually agreed upon schedule, to CTCA in a safe and orderly manner according to approved protocols in compliance with the relevant guidelines of the regulations of

the Food and Drug Administration (Title 21 of the Code of Federal Regulations), the ICH

Guidelines for Good Clinical Practice, and applicable national guidelines and laws.


/s/ Samantha B. Kats
Michael D. O'Mara, Esquire
Brian P. Seaman, Esquire
Samantha B. Kats, Esquire
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19130
(215) 564-8000

*Attorneys for Plaintiff*
*Cancer Treatment Centers of America, Inc.*


Dated: July 28, 2014

# 2056992

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CANCER TREATMENT CENTERS OF AMERICA, INC., 1336 Basswood Road, Schaumburg, Illinois 60173 | CIVIL ACTION |
| Plaintiff, | |
| v. | |
| AVAX TECHNOLOGIES, INC., 2000 Hamilton Street, Suite 204 Philadelphia, Pennsylvania 19130 | NO. |
| Defendant. | |

## VERIFICATION

I, Susan Zook, verify that the facts set forth in the foregoing Complaint in Support of Confession of Judgment filed by Cancer Treatment Centers of America, Inc., are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Susan Zook

Dated: July 25, 2014